[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 30, 2008
THOMAS K. KAHN
CLERK

No. 08-12290
Non-Argument Calendar
_____

Agency No. A95-688-186

BI GAN LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(December 30, 2008)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Bi Gan Liu, a native and citizen of China, seeks review of the Board of Immigration Appeals' order affirming the Immigration Judge's order finding him removable and denying his application for asylum and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. §§ 1158, 1231, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16.

Liu was served with a notice to appear charging him with removability after he attempted to enter the United States without a valid entry document. In June of 2005 he filed an application for relief seeking asylum, withholding of removal, and CAT relief. After a hearing, the IJ found that Liu was not credible and denied all relief. The BIA adopted and affirmed the IJ's opinion.

We review only the BIA's decision "except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here the BIA adopted and affirmed the IJ's decision in its entirety, so we will review the IJ's decision as if it were the BIA's. See Nreka v. United States Att'y Gen., 408 F.3d 1361, 1368 (11th Cir. 2005). We review de novo any legal determinations, see D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004), but review factual determinations under the highly deferential "substantial evidence test." Al Najjar, 257 F.3d at 1284. Under the substantial evidence test, we "must affirm the [ ] decision if it is supported by reasonable,

2

substantial, and probative evidence on the record considered as a whole." Id. (citations and quotation marks omitted). Credibility determinations are findings of fact evaluated under the substantial evidence test. See D-Muhumed, 388 F.3d at 819. Those findings are conclusive "unless a reasonable factfinder would be compelled to conclude to the contrary." Yang v. United States Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

A petitioner must demonstrate that he is a "refugee" in order to be eligible for asylum. See 8 U.S.C. § 1158(b)(1). A "refugee" is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . .

8 U.S.C. § 1101(a)(42)(A). The applicant bears the burden of proof to establish that he meets the statutory requirement. See Al Najjar, 257 F.3d at 1284.

An applicant may establish eligibility for asylum based on her credible testimony. See Yang, 418 F.3d at 1201. "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and absence of embellishments." Ruiz v. United States Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). If the IJ makes an adverse credibility determination, that determination must be supported by "specific cogent reasons." Id.

3

An IJ must consider all of the evidence submitted by the applicant.  Id.

When an applicant submits evidence in addition to his testimony the IJ may not

rely solely on an adverse credibility finding to deny relief.  See id.  "The weaker

the applicant's testimony, however, the greater the need for corroborative

evidence."  Yang, 418 F.3d at 1201.  After an IJ makes an adverse credibility

finding, "[t]he burden then shifts to the alien to show that the IJ's credibility

determination was not supported by specific, cogent reasons or was not based on

substantial evidence."  Id. (quotation marks omitted).

Under the REAL ID Act of 2005 the IJ's credibility determination may be

based on the totality of the circumstances, including consistency between the

applicant's written and oral statements; any deficiencies need not go to the heart of

the applicant's claim.  See 8 U.S.C. § 1158(b)(1)(B)(iii).[1]

Liu contends that there is insufficient evidence to support the IJ's adverse

credibility finding.  Liu states that he offered explanation for the "perceived"

omissions in his asylum application, and the IJ rejected those explanations as

unpersuasive.  Liu argues that in doing so the IJ penalized him for failing to

anticipate "every possible factual scenario desired by the IJ," when the purpose of

the removal hearing was to expand on the facts stated in his asylum application.

---

[1] Because Liu filed his asylum application after May 11, 2005, the effective date of the REAL ID Act, its provisions apply to this case.

4

The government responds that the IJ's adverse credibility finding is properly based on the material inconsistencies between Liu's testimony and his written documents.

The record in this case does not compel reversal. See Yang 418 F.3d at 1201. The IJ's adverse credibility determination was based on several inconsistencies and omissions regarding key components of Liu's asylum claim. The most glaring example is the inconsistency between Liu's present claim for asylum and the statement that he gave when he was detained at the airport upon arrival in the United States. Liu's asylum claim is based on his practice of Falun Gong, a form of meditation and exercise that is believed to have healing properties. Falun Gong was officially banned by the Chinese government in 1999. Since then, Chinese authorities are alleged to have arrested and tortured thousands of Falun Gong practitioners. During Liu's airport interview, however, he made no mention of Falun Gong. Nor did he mention that there were outstanding arrest warrants for his parents or that he had been subjected to "re-education" seminars regarding the practice of Falun Gong. Instead, he stated that he was a Buddhist and he was coming to the United States because he was bored and could not concentrate on his studies in China. That is a major inconsistency.

Liu argues that the IJ placed too much weight on the airport statement. Although other circuits have noted airport statements should be viewed with

caution, see, e.g., <u>Balogun v. Ashcroft</u>, 374 F.3d 492, 504 (7th Cir. 2004) ("[A]irport interviews only are useful and probative if they are reliable."); <u>Senathirajah v. INS</u>, 157 F.3d 210 (3rd Cir. 1998), we have not addressed the issue. Here it does not matter because the record shows that the IJ was aware of the potential problems with relying on airport statements in general but determined that Liu's airport statement in particular was reliable. Further, the IJ noted that he might have been willing to overlook the airport statement if Liu's testimony were consistent with his asylum application. It was not. The IJ noted that Liu's story was fairly simple one, but his asylum application omitted several key events. Liu's explanation for those omissions was that he did not realize that he had to list everything in his asylum application. The IJ found that explanation unconvincing. According to the IJ, there were simply too many problems with Liu's claim, and he could not overlook the numerous inconsistencies.

The record also reflects that the IJ considered a letter submitted by Liu's brother-in-law but did not find it convincing as corroborating evidence. The IJ noted that Liu had failed to provide any additional collaborating evidence. Given the problems with Liu's testimony, the IJ correctly concluded that additional collaborating evidence was necessary to support Liu's claim for asylum. See <u>Yang</u>, 418 F.3d at 1201. Without that additional evidence Liu failed to show that he was entitled to asylum.

The IJ provided specific, cogent reasons for the adverse credibility finding, and the inconsistencies and omissions detailed by the IJ are substantial evidence supporting that finding. In light of it, we affirm the BIA's judgment denying Liu asylum.

Additionally, Liu has waived his claims for withholding of removal and CAT relief by failing to make any argument on those issues. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that an issue is waived where the party fails to provide an argument on the merits of that issue).

**PETITION DENIED.**